PER CURIAM.
Appellant was charged by amended information with robbery “in violation of Section 812.13(b) (sic), Florida Statutes.” That statute, properly cited as Section 812.-13(2)(b), relates to the crime of robbery where the offender carries a weapon and classifies the crime as a first degree felony. According to the minute book record, the jury found defendant “guilty of robbery”, with no reference - to a weapon. Further, according to the transcript of the sentencing hearing, the trial court merely adjudicated appellant guilty of robbery (again, no reference to a weapon) and sentenced him to 10 years imprisonment. However, the minute book entry reflects that the trial court, prior to imposing the 10 year sentence, adjudicated appellant guilty of robbery as charged in the amended information, which, as above recited, charged robbery with a weapon. Robbery where the offender carries a weapon, being a first degree felony, is punishable up to 30 years or when specifically provided by statute up to life imprisonment, while “simple” robbery without a weapon is a felony of the second degree punishable by a term of imprisonment not exceeding 15 years. The difference is important, notwithstanding that the sentence imposed was for 10 years, because if appellant was sentenced for robbery with a firearm as a weapon then by virtue of Section 775.087(2) he will be ineligible for parole for a minimum of three years. Further, our review of the record reveals no evidence of use of a firearm nor any other weapon.
We have considered the remaining points raised by appellant and have found them to be without merit. Accordingly, while there was sufficient evidence in the record to sustain appellant’s conviction, we reverse the sentence and remand for re-sentencing for the crime of robbery, but without a weapon, and for clarification of the record.
REVERSED AND REMANDED.
McCORD, C. J., and BOYER and RAWLS, JJ., concur.